Argued and submitted January 28, custody and child support awards vacated
and remanded; otherwise affirmed March 19, 2014

In the Matter of the Marriage of

Angelina GOMEZ,
aka Angela Medina,
*Petitioner-Appellant,*
*and*

Joaquin GOMEZ,
*Respondent-Respondent.*

Lane County Circuit Court
151205649; A152835

323 P3d 537

George W. Kelly argued the cause and filed the briefs for appellant.

Jennifer J. Brown argued the cause for respondent. On the brief was Christopher J. Eggert.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

## TOOKEY, J.

Mother appeals a general judgment of dissolution of marriage awarding custody of the parties' children to father. She contends that the trial court improperly applied ORS 107.137(1),[1] which states that, in determining custody of a minor child, a court shall give primary consideration to the child's "best interests and welfare" and sets forth the factors that a court shall consider in making that determination.[2]

In its ruling, the trial court determined that father was the primary caregiver during the marriage and that mother was the primary caregiver since the date of separation, "but only through her actions in alienating [father.]"

---

[1] ORS 107.137 provides, in pertinent part:

"(1) *** [I]n determining custody of a minor child ***, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court shall consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child;

"(c) The desirability of continuing an existing relationship;

"(d) The abuse of one parent by the other;

"(e) The preference for the primary caregiver of the child, if the caregiver is deemed fit by the court; and

"(f) The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child. However, the court may not consider such willingness and ability if one parent shows that the other parent has sexually assaulted or engaged in a pattern of behavior of abuse against the parent or a child and that a continuing relationship with the other parent will endanger the health or safety of either parent or the child.

"(2) The best interests and welfare of the child in a custody matter shall not be determined by isolating any one of the relevant factors referred to in subsection (1) of this section, or any other relevant factor, and relying on it to the exclusion of other factors."

[2] Mother requests that we exercise *de novo* review. "Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record." ORS 19.415(3)(b). We conduct such review only in exceptional cases. *See* ORAP 5.40(8)(c); *Nice v. Townley*, 248 Or App 616, 618, 274 P3d 227 (2012) (citing *Turner and Muller*, 237 Or App 192, 196, 238 P3d 1003 (2010), *rev den*, 350 Or 231 (2011) (noting that we exercise *de novo* review only in exceptional cases)). Because this is not an exceptional case, we decline to exercise our discretion to review *de novo*. Thus, we review for legal error. *Nice*, 248 Or App at 618.

As we have previously stated, "[g]enerally, the primary caregiver is the party who has provided more care for the child and with whom the child has lived a majority of his or her recent life." *Nice v. Townley*, 248 Or App 616, 622, 274 P3d 227 (2012). Like any other factor set forth in ORS 107.137(1), the primary caregiver factor is not dispositive. ORS 107.137(2); *Maurer and Maurer*, 245 Or App 614, 628, 262 P3d 1175 (2011) ("No single statutory factor is dispositive."). However, the primary caregiver is afforded a statutory preference, and that preference must be properly considered. *Nice*, 248 Or App at 623.

In this case, the trial court failed to properly consider the preference in ORS 107.137(1)(e) in favor of the primary caregiver. Although the trial court determined that each party was, at one time, the primary caregiver, it failed to determine which party was entitled to the statutory preference.[3] Having failed to make that determination, the trial court then failed to balance that preference against the other factors set forth in ORS 107.137(1) related to determining custody of the parties' children. Accordingly, we vacate the custody award as well as the child support award—which is predicated on the custody award—and remand for reconsideration.[4]

Custody and child support awards vacated and remanded; otherwise affirmed.

---

[3] The trial court's failure to properly consider the preference in favor of the primary caregiver may relate to its determination that mother was the primary caregiver "only through her actions in alienating [father.]" Because, as noted above in *Nice*, a court determines which party is the primary caregiver by considering which party has provided more care for the child and with whom the child has lived a majority of his or her recent life, the court should not have considered mother's attempts to alienate father under ORS 107.137(1)(e). Rather, the court should have considered mother's attempts to alienate father under ORS 107.137(1)(f) ("The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.").

[4] We note that our vacation of the custody and child support awards "implies nothing" about the proper disposition of the custody issue on remand. *Nice*, 248 Or App at 623 n 2.