Argued and submitted May 7, vacated and remanded August 12, 2015

Randi Shauntel WEEMS,
*Petitioner-Appellant,*

*v.*

Dustin Allan WINN,
true name Dustin Alan Winn,
*Respondent-Respondent.*

Umatilla County Circuit Court
CV130764; A155594

358 P3d 322

Evan D. Hansen argued the cause for appellant. With him on the brief was Grable, Hantke & Hansen, LLP.

Cory J. Larvik argued the cause and filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

DUNCAN, P. J.

**DUNCAN, P. J.**

In this child custody case, mother appeals the trial court's judgment awarding father custody of the parties' six-year-old child. Mother argues that the trial court did not follow the statutory methodology for determining child custody, and, therefore, we should exercise our discretion to review the case *de novo*. For the reasons explained below, we agree that the trial court did not follow the statutory methodology, but we decline to exercise our discretion to review the case *de novo*. Therefore, we vacate the trial court's judgment and remand the case for further proceedings.

We begin with the basic facts. Mother and father lived together, without marrying, and had one child, F. They separated when F was three years old, but did not obtain a court order to govern custody and parenting time. After the parties separated, F lived with mother and generally saw father every other weekend. When F was six years old, the parties appeared in court for a hearing to determine custody and parenting time, after which the trial court issued a written decision awarding father custody of F and awarding mother parenting time.

Mother appeals, arguing that the trial court failed to follow the methodology prescribed by ORS 107.137 for determining child custody. Specifically, she argues that the trial court (1) failed to afford her the statutory preference for primary caregivers, established by ORS 107.137(1)(e); (2) failed to consider some of the statutory factors, including the emotional ties between the child and other family members, specified in ORS 107.137(1)(a); and (3) improperly considered aspects of mother's lifestyle, without first finding that they were causing or could cause emotional or physical damage to the child, as required by ORS 107.137(4).[1] Mother further asserts that, because the trial court did not properly follow the statutory methodology, we should exercise our discretion to review this case *de novo*.

---

[1] Although the parties never married, they have the same rights and responsibilities with respect to their child as married or divorced parents, and, therefore, the trial court was required to consider the factors in ORS 107.137 in making its custody determination. *See* ORS 109.103(1) (applying ORS 107.135 and ORS 107.137 to unmarried parents).

A detailed discussion of the facts of the case would not benefit the bench, bar, or public. It suffices to say that, for the reasons that follow, the trial court's written decision indicates that the court did not follow the methodology for making custody decisions set out in ORS 107.137.[2]

In its written decision, the trial court made a limited number of factual findings. Notably, those include findings about matters that did not relate to the statutorily prescribed factors for determining custody (such as the age at which mother had her first child and the nature of one of her prior marriages), but do not include findings about matters

---

[2] ORS 107.137 provides, in part:

"(1) Except as provided in subsection (6) of this section, in determining custody of a minor child under ORS 107.105 or 107.135, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court shall consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child;

"(c) The desirability of continuing an existing relationship;

"(d) The abuse of one parent by the other;

"(e) The preference for the primary caregiver of the child, if the caregiver is deemed fit by the court; and

"(f) The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child. However, the court may not consider such willingness and ability if one parent shows that the other parent has sexually assaulted or engaged in a pattern of behavior of abuse against the parent or a child and that a continuing relationship with the other parent will endanger the health or safety of either parent or the child.

"(2) The best interests and welfare of the child in a custody matter shall not be determined by isolating any one of the relevant factors referred to in subsection (1) of this section, or any other relevant factor, and relying on it to the exclusion of other factors. However, if a parent has committed abuse as defined in ORS 107.705, other than as described in subsection (6) of this section, there is a rebuttable presumption that it is not in the best interests and welfare of the child to award sole or joint custody of the child to the parent who committed the abuse.

"* * * * *

"(4) In determining custody of a minor child under ORS 107.105 or 107.135, the court shall consider the conduct, marital status, income, social environment or lifestyle of either party only if it is shown that any of these factors are causing or may cause emotional or physical damage to the child.

"(5) No preference in custody shall be given to the mother over the father for the sole reason that she is the mother, nor shall any preference be given to the father over the mother for the sole reason that he is the father."

that did relate to the statutorily prescribed factors (such as F's emotional ties to her relatives, including her maternal grandparents who lived approximately one mile away and cared for her after school).

In addition, in its concluding paragraph, in which it awarded father custody of F, the court relied, in part, on mother's legal marijuana use. Mother has a medical marijuana card and works in a medical marijuana dispensary. The trial court could consider lifestyle factors such as mother's legal marijuana use when making its custody decision, but only if the record established that mother's use would likely endanger the health, safety, or welfare of the child. ORS 107.137(4). The trial court did not make such a finding.

Because the trial court did not follow the statutory methodology when it made its custody determination, and application of that methodology on remand will require the court to make factual findings that may be dependent on the court's assessment of the parties' credibility, we decline to exercise our discretion to review the case *de novo*, and, instead, we vacate and remand.[3] *See Olson and Olson*, 218 Or App 1, 16, 178 P3d 272 (2008) ("[A] trial court's * * * award must reflect the exercise of discretion under the correct methodology, and it must lie within the range of legally permissible outcomes."); *see also Nice v. Townley*, 248 Or App 616, 618, 623, 274 P3d 227 (2012) (declining to exercise *de novo* review and instead vacating and remanding the trial court's custody judgment because the trial court did not afford the statutory preference to the primary caregiver).

Vacated and remanded.

---

[3] Because the judgment on appeal is the first judgment regarding custody of F, our vacation of the judgment means that there will be no extant custody judgment when our appellate judgment issues. By vacating the judgment, we imply nothing about the proper disposition of the case on remand.