Argued and submitted August 10, vacated and remanded for reconsideration
October 12, 2016

In the Matter of the Marriage of

Sarah Frances KNESS,
*Petitioner-Appellant,*
*and*

Andrew Lloyd KNESS,
*Respondent-Respondent.*

Klamath County Circuit Court
0903677CV; A159188

383 P3d 971

Rebecca Whitney-Smith argued the cause for appellant. With her on the brief was Law Office of Rebecca Whitney-Smith.

Jennifer J. Schade argued the cause for respondent. With her on the brief was Law Offices of Melinda M. Brown, P.C.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

**FLYNN, J.**

Mother appeals from a supplemental judgment modifying the custody and parenting time of her nine-year-old daughter, E. She challenges the court's determination that it is in E's best interest for mother to have sole legal custody only if mother continues to live in the Klamath Falls area. Mother, who had sought the court's approval to move with E to Medford, argues that the trial court erred by failing to properly consider the statutory factors that the court must consider in determining whether the move is in E's best interests, relied on factual findings that are not supported by the record, and abused its discretion in making its best interests determination. We agree that the court failed to properly consider the required statutory factors. Accordingly, we vacate and remand for reconsideration.[1]

Mother argues that this is an exceptional case in which we should exercise our discretion to review the trial court's "best interests" decision *de novo*. *See* ORAP 5.40(8) ("In those proceedings in which the Court of Appeals has discretion to try the cause anew on the record[,]" the court will exercise that discretion "only in exceptional cases."). We decline to exercise our discretion in this case, however. The parties' dispute largely turns on the extent to which relocation would diminish contact with father and his extended family, a question that requires an assessment of witness credibility which the trial court is better situated to perform. *See Weems v. Winn*, 272 Or App 758, 761, 358 P3d 322 (2015) (declining to exercise *de novo* review because application of the statutory methodology depended upon "factual findings that may be dependent on the court's assessment of the parties' credibility").

We determine as a matter of law whether the trial court applied the correct standard in making its "best interest" determination. *Finney-Chokey and Chokey*, 280 Or App 347, 360, 381 P3d 1015 (2016). In doing so, we are bound by the trial court's explicit factual findings, as well as by any necessarily implicit findings, "to the extent that the evidence

---

[1] Our disposition obviates the need to consider mother's challenges to the court's findings and ultimate determination.

in the record supports those findings." *Id.* We describe the facts in a manner consistent with that standard.

Mother and father divorced in 2010, when E was three years old. The judgment awarded mother and father "joint legal custody" of E but "sole physical custody" to mother, with parenting time to be arranged between the parties.[2] Two years later, mother remarried and had another child. When mother's new husband took a new job in Medford, a distance of approximately 75 miles from mother's home in Klamath Falls, mother filed a notice with the court that she intended to move to Medford.[3] Father had already filed a motion for increased parenting time. He also objected to mother's proposal to move E to Medford and argued that he should be awarded sole custody of E if mother decided to move to Medford.

The court granted mother's request to appoint Dr. Charlene Sabin to perform a custody evaluation. *See* ORS 107.425. Sabin opined that it was in E's best interest to live with mother as the custodial parent, and that it was also in her best interest to move to Medford with mother. In addition, Sabin recommended that father's parenting time be increased, particularly during school holidays. Based on that recommendation, mother ultimately supported father's request for increased parenting time.

Following a hearing at which the court considered all of the issues, the trial court sent the parties a letter opinion that announced and explained its decisions. In that opinion, the court made the following findings that are pertinent to the relocation issue:

[2] We read the original judgment in this case as having awarded the parties joint custody, with mother's home designated as the primary residence. *See* ORS 107.105 (specifying that a "judgment of marital annulment, dissolution or separation," may provide for "custody, by one party or jointly," and "parenting time rights," but not using the terms "legal" or "physical" custody); *see also* ORS 107.169 (specifying that "[a]n order providing for joint custody may specify one home as the primary residence of the child").

[3] ORS 107.159 specifies that every custody order or judgment shall include "a provision requiring that neither parent may move to a residence more than 60 miles further distant from the other parent without giving the other parent reasonable notice of the change of residence and providing a copy of such notice to the court."

"A large number of maternal and paternal relatives reside in the Klamath Falls area and none reside near Medford. Those extended families are very involved with this child's life and she is particularly close to her paternal cousins who she sees when she spends time with her paternal grandmother. Mother is a 'stay at home mom' and spends much of her time in that role assisting her children, helping at school, and helping with the children's extracurricular activities. [Stepfather] is an excellent stepfather and has assumed many parenting duties not only for his own child, but for the parties' child as well.

"Father has exercised nearly all of his visits and often engages the child in outdoor events such as brandings and riding horses. Since these proceedings were filed he has frequently spent time with the child at times other than his visits such as at her sporting events. He did so only occasionally prior to that time."

When a trial court is charged with determining whether a child may move with one parent to a new location, "the court may consider only the best interests of the child and the safety of the parties." *Cooksey and Cooksey*, 203 Or App 157, 167, 125 P3d 57 (2005). In this case, the sole matter in dispute is whether it is in E's best interests to move with mother to Medford. In resolving that dispute, the court was required to apply the same legal standard that governs the "best interests" determinations in custody cases, ORS 107.137(1). *Cooksey*, 203 Or App at 166-67; *Finney-Chokey*, 280 Or App at 361.

ORS 107.137(1) provides that, except in circumstances not present here, the trial court "shall" consider:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child;

"(c) The desirability of continuing an existing relationship;

"(d) The abuse of one parent by the other;

"(e) The preference for the primary caregiver of the child, if the caregiver is deemed fit by the court; and

"(f)   The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child."

Mother argues that the court failed to properly apply the "best interests" standard by failing to take into account the preference for the primary caregiver and by failing to consider the effect that remaining in Klamath Falls would have on E's emotional ties to and relationship with stepfather. Both criticisms are well founded.

Although the court's opinion letter expressly recognizes that, "when determining the best interests, the court looks to the factors set forth in ORS 107.137(1)," the court's discussion of its relocation decision demonstrates that the court made that decision without considering the primary caregiver preference and seemingly without considering E's relationship to stepfather. Specifically, the court explained:

"Since [stepfather] accepted the job in Medford, he has commuted the approximately 75 miles to his work and mother and the child have continued to reside in Klamath Falls. Mother has offered to perform the transportation for regular visits if the child is allowed to move to Medford. Thus, if the move is allowed, mother, the child, father, and the parents' relatives will commute between Klamath Falls and Medford rather than [stepfather]. That change is not in the child's best interests.

"Mother asserts that if she and the child cannot move to Medford, she will no longer be able to afford being a 'stay at home mom' because they will have to pay for 2 residences. That is the only argument why this move might be in the child's best interests. However, that benefit is outweighed by the negative aspects of the move which include greater travel time for the child and reduced contact between the child and her father and her extended family."

Thus, the court's order demonstrates that in deciding whether it was in E's best interest to move with mother to Medford, the only factor that the court considered as favoring relocation was mother's ability to continue being available to E as a "stay at home mom."[4]

_____

[4] We understand the court's reference to "the only argument why this move might be in the child's best interests" to mean that it was the only factor that the court viewed as weighing in favor of the move—rather than suggesting that

The court's failure to give preference to mother's role as primary caregiver requires us to vacate and remand. Here, there is no dispute between the parties that mother has always been E's primary caregiver. *See Nice v. Townley*, 248 Or App 616, 622, 274 P3d 227 (2012) ("Generally, the primary caregiver is the party who has provided more care for the child and with whom the child has lived a majority of his or her recent life."). That status is afforded a statutory preference that the trial court was required to consider in determining whether it was in E's best interest to live with mother in Medford. *See Gomez and Gomez*, 261 Or App 636, 638, 323 P3d 537 (2014) (emphasizing that the "primary caregiver is afforded a statutory preference, and that preference must be properly considered").

Father argues that the trial court considered the preference for mother as primary caregiver when it weighed the value of mother remaining a "stay at home mom" against the countervailing considerations of E's relationships with father and his extended family. We disagree. While the value of mother remaining at home with E might indirectly bear on other considerations—such as E's "emotional ties" to mother or the "desirability of continuing an existing relationship"—that is a separate consideration from the "preference for the primary caregiver," which applies regardless of whether the primary caregiver also works outside of the home.

The court's failure to consider the preference for mother's status as primary caregiver requires us to vacate the judgment and remand for the court to reconsider its decision. *See Nice*, 248 Or App at 623. In *Nice*, as here, the court's explanation for its decision made it clear that the court did not assign weight to the mother's role as the child's primary caregiver in its assessment of the best interests of the child. *Id.* Also, as here, the record in *Nice* contained no evidence to support a finding that the mother was not the child's primary caregiver. *Id.* We, therefore, vacated and remanded the court's custody decision for proper consideration of the

mother failed to identify another argument—because mother's arguments urged the court to consider both that mother has been the primary caregiver and that E is "extremely bonded" to stepfather.

best interests factors. *Id.*; *see also Gomez*, 261 Or App at 638 (vacating and remanding custody award because trial court "failed to balance that preference against the other factors set forth in ORS 107.137(1)"). We do the same here.

Mother also argues that the trial court failed to properly consider E's relationship with stepfather. Father does not dispute that stepfather "is a part of the child's life," but he asserts that the trial court "weighed the relationships between the child and other family members including [s]tep-[f]ather." The court's discussion, however, suggests otherwise. That omission is significant because the court's findings recognize the strength of stepfather's role in E's life, and those findings are supported by the opinion of Sabin, who emphasized that E and stepfather have a "caring relationship" and are "appropriately bonded." On remand, the court will have an opportunity to consider that evidence in making its "best interests" determination.

Vacated and remanded for reconsideration.