Argued and submitted June 29, vacated and remanded July 28, 2021

In the Matter of the Marriage of

Edward James DICKSON,
*Petitioner-Respondent,*
*and*

Ashley C. SWARTZ,
*Respondent-Appellant.*

Lane County Circuit Court
18DR25007; A172035

494 P3d 377

Lauren S. Holland, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Eli D. Stutsman argued the cause for respondent. Also on the brief was Eli D. Stutsman PC.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Vacated and remanded.

## PER CURIAM

Mother appeals a judgment awarding custody of parents' two children to father. She contends that the trial court erred when it (1) determined that both parents were the primary caregiver for purposes of ORS 107.137(1)(e); (2) did not address evidence of abuse in the parties' relationship, as required by ORS 107.137(1)(d); and (3) gave father's job in the NFL too much weight in the statutory best interests analysis. She asks for *de novo* review, in part because she is concerned that the judge who tried the case will be retired by the time the case is remanded.

Father responds that *de novo* review is not necessary, and that mother did not preserve her "primary caregiver" contentions because she did not object after the trial court made its ruling to the determination that both parties were the primary caregiver. Additionally, father contends that any error did not affect the court's ultimate decision. Father analogizes this case to *Kirkpatrick and Kirkpatrick*, 248 Or App 539, 273 P3d 361 (2012), in which we concluded that a similar issue was not preserved. *Id*. at 551-52. Father points out additionally that, in *Kirkpatrick*, we also concluded that we would not correct any error because it was clear from the court's decision on the record that affording a primary caregiver preference to mother would not affect that court's ultimate custody decision. *Id*. at 552-54. Father argues that the same is true here. Father also argues that mother's other contentions are not preserved, and also that they do not undercut the best interests determination.

We agree with father that mother's latter two contentions are not preserved and reject them for that reason.

We reach a different decision as to mother's argument regarding the primary caregiver preference. Much as was the case in *Wanting and Wanting*, 306 Or App 480, 475 P3d 127 (2020), and *Nice v. Townley*, 248 Or App 616, 274 P3d 227 (2012), the evidence compels the finding that mother is the children's primary caregiver as that term has been defined in our case law. Although the parties had been sharing parenting in advance of this custody proceeding, that does not mean that the trial court was free to designate

both parties as the primary caregiver and decline to account for the preference as it did here. As we explained in *Gomez and Gomez*, 261 Or App 636, 638, 323 P3d 537 (2014), a trial court legally errs when it fails to determine which parent is entitled to the statutory primary caregiver preference and then account for that preference in its custody determination: "[T]he primary caregiver is afforded a statutory preference, and that preference must be properly considered." Although father contends that any error does not require a remand, that argument conflicts with the directive in *Gomez* "that [the] preference must be properly considered." *Id*. To the extent father argues that the court's stated basis for its decision demonstrates that the court's error is harmless, on this record, we are not persuaded that proper consideration of the preference has no likelihood of affecting the court's custody decision. Thus, as we did in *Nice*, *Gomez*, and *Wanting*, we vacate and remand for the court to account for mother's entitlement to the primary caregiver preference in its custody decision.

Vacated and remanded.