***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted November 30, 2022, affirmed March 15, 2023

In the Matter of the Marriage of

Clifford Earl CUMMINGS,
*Petitioner-Appellant,*
*and*

Mary Ester CUMMINGS,
*Respondent-Respondent.*

Klamath County Circuit Court
20DR14972; A176844

Kelly N. Kritzer, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Nathan J. Ratliff filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

## ORTEGA, P. J.

Father appeals a judgment of dissolution of his marriage with mother. He assigns three errors to the court's determination awarding custody of their child, N, to mother while allowing him parenting time. Father mainly argues that the trial court was required but failed to make findings indicating how it applied the applicable statute, ORS 107.137, to determine N's best interest, and that the evidence weighed in favor of giving custody to him. As we will briefly explain, we find no error by the trial court and affirm its judgment.

Father requests that we exercise our discretion to review this case *de novo*, as we are authorized to do under ORS 19.415(3)(b), or that we alternatively remand for the trial court to explain its decisions in light of the ORS 107.137 requirements. We are not persuaded by father's arguments that his case is "exceptional" and, accordingly, we decline his first request. *See* ORAP 5.40(8)(c) (limiting our *de novo* review to "exceptional cases"). Hence, we review the trial court's conclusions for legal error, and determine if evidence supports the trial court's view of the facts. *See Nice v. Townley*, 248 Or App 616, 618, 274 P3d 227 (2012). The following background facts are undisputed.

Toward the end of the marriage, mother relocated from Klamath Falls to Albany, taking N without father's knowledge. Father petitioned for dissolution of marriage and moved for an order requiring mother to show cause as to why she should not be required to return N to Klamath Falls. Upon mother's request, the trial court held a hearing on father's motion and declined to order mother to move back to Klamath Falls, gave mother temporary custody of N, and allowed father to have parenting time until a different agreement could be reached. The parties went through mediation but reached no agreement. At the dissolution trial seven months after the show cause hearing, father renewed his custody request, arguing that mother should have 50/50 parenting time only if she returned to Klamath Falls; otherwise—if mother decided to remain in Albany—he requested that she be awarded the Klamath County Standard Long Distance Parenting Time plan. The court

again awarded custody to mother and allowed father long distance parenting time.

In his first assignment of error, father argues that the trial court erred in awarding custody to mother without explaining how it balanced the ORS 107.137(1) factors to determine N's best interest. However, the statute does not require the court to provide such an explanation, and father did not make a request for findings. *See* ORS 107.137 (containing no requirement of express findings); *see also* ORCP 62 (allowing a court discretion to make findings in the absence of such a demand); *Underwood v. Mallory*, 255 Or App 183, 186, 297 P3d 508 (2013) ("where the trial court did not make specific factual findings but there is evidence to support more than one legal conclusion, we presume the court found the facts in a manner consistent with its ultimate conclusion"). Here, at no point did father ask the trial court to make findings, including after the court indicated that it declined to do so.

Moreover, the record contains abundant testimonial evidence concerning the parties' dispute, and counsel for both parties presented that evidence by reference to the ORS 107.137(1) factors during their closing arguments before the trial judge. Because the record suggests no reason for us to believe that the trial judge acted in a manner contrary to ORS 107.137, we reject father's first assignment of error. The cases father has cited requiring a remand involved situations in which there were reasons to question whether the trial court understood what it was required to do;[1] no such reasons appear on this record.

We turn to father's combined second and third assignments, in which father essentially argues that the trial court erred during both the temporary custody hearing and the dissolution trial by awarding custody to mother

---

[1] *See Gomez and Gomez*, 261 Or App 636, 638, 323 P3d 537 (2014) (remanding where, after determining "that each party was, at one time, the primary caregiver," the trial court "failed to determine which party was entitled to the statutory preference"); *Nice*, 248 Or App at 622-23 (remanding where an implied finding that there was no primary caregiver was not supported by the record); *Henretty v. Lewis*, 319 Or App 345, 350, 509 P3d 701 (2022) (remanding where the trial court expressly refused to designate the primary caregiver where the record supported a conclusion in mother's favor).

while allowing her to remain in Albany. Father's arguments are not well taken for at least two reasons. First, the temporary custody order, which was entered seven months before the judgment father appealed, is not before us. Second, the trial court's ruling was within its discretion and is supported by evidence in the record. We note also that father's citation to a case governing when a parent is allowed to move after custodial arrangements have been fixed is not well taken;[2] at the time of the dissolution hearing, mother had already relocated to Albany. Accordingly, we reject father's combined second and third assignments of error.

Affirmed.

---

[2] Father cites to *Sjomeling v. Lasser*, 251 Or App 172, 285 P3d 1116 (2012), which reviewed a trial court decision modifying a parenting plan to allow the mother to move with the children.