***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted May 5, parenting time determination in judgment of
dissolution vacated and remanded, otherwise affirmed July 6, 2023

In the Matter of the Marriage of

Katie Annette QUIGLEY,
*Petitioner-Respondent,*
*and*

John Michael QUIGLEY,
*Respondent-Appellant.*

Lane County Circuit Court
20DR05220; A176431

Charles D. Carlson, Judge.

Michael Vergamini filed the briefs for appellant.

Katie Annette Quigley filed the answering brief *pro se*.

Before Tookey, Presiding Judge, and Egan, Judge, and
Kamins, Judge.

TOOKEY, P. J.

Parenting time determination in judgment of dissolution
vacated and remanded; otherwise affirmed.

**TOOKEY, P. J.**

Husband appeals a judgment of dissolution, raising four assignments of error. He argues that the trial court erred by (1) awarding wife retroactive child support in the absence of a prior order or limited judgment awarding temporary child support; (2) failing to equitably determine the spousal support award to wife; (3) authorizing a "nonjudicial referee" to modify parenting time; and (4) failing to make best-interest findings in determining parenting time. For the reasons explained below, we reverse and remand.

*First through Third Assignments of Error.* We reject husband's first through third assignments of error, because they were not preserved in the trial court and do not involve "plain error." ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]"); *Hickam and Hickam*, 223 Or App 302, 305, 196 P3d 63 (2008) ("An error is 'plain' if it is one of law, is not reasonably in dispute, and does not require an examination of matters outside of the record.").

*Fourth Assignment of Error.* Husband challenges the trial court's parenting time determination, contending that the trial court plainly erred by "fail[ing] to apply the statutory factors in determining the best interest of the children with respect to parenting time as required by ORS 107.105(1) and ORS 107.137." As explained below, we agree with husband that the trial court plainly erred, and we exercise our discretion to correct the error.

Because husband does not request *de novo* review, "we review [the] trial court's decision relating to parenting time first for legal error to determine whether the trial court applied the correct legal standard in making the challenged best[-]interests determination," and "[w]e review the court's best-interests determination itself for an abuse of discretion." *Davison and Schafer*, 308 Or App 513, 518, 479 P3d 1108 (2021) (internal quotation marks omitted).

"A court determines parenting time by evaluating what is in the best interests of the child[.]" *Id.* "The best-interests analysis, in turn, requires the trial court to

consider the statutory factors in ORS 107.137(1)." *Id.* ORS 107.137(1) provides that the trial court "shall" consider:

> "(a)   The emotional ties between the child and other family members;
>
> "(b)   The interest of the parties in and attitude toward the child;
>
> "(c)   The desirability of continuing an existing relationship;
>
> "(d)   The abuse of one parent by the other;
>
> "(e)   The preference for the primary caregiver of the child, if the caregiver is deemed fit by the court; and
>
> "(f)   The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child."

ORS 107.137(1). "We have repeatedly noted that no one factor under ORS 107.137(1) prevails," and "a court must assess *all* the required statutory considerations in determining what serves the children's best interests." *Stancliff and Stancliff,* 320 Or App 369, 379, 513 P3d 20 (2022) (emphasis added).

Here, in its written decision as to parenting time, the trial court focused on charges against husband in a separate case and the effect that husband's personal disputes with wife had on the children; however, the trial court's decision does not reflect a best-interests determination based on consideration of all the statutorily prescribed factors in ORS 107.137(1). We agree that that is plain error, and—in light of the interests of the parties and the gravity of the error— we conclude that it is appropriate to exercise our discretion to correct it. *See Hickam*, 223 Or App at 306 (concluding that "the trial court plainly erred in denying husband parenting time without making [the statutorily required] findings" and that "it is appropriate to exercise our discretion to review the error" given that "the interests of the parties and the gravity of the error are significant *** and the ends of justice would be served by remanding for further proceedings"); *see also McArthur and Paradis*, 201 Or App 530, 535, 120 P3d 904, *rev den*, 339 Or 609 (2005) (parenting time

decisions potentially implicate constitutional interests). Accordingly, we vacate and remand. *See Weems v. Winn*, 272 Or App 758, 760, 358 P3d 322 (2015) (vacating and remanding where "the trial court's written decision indicates that the court did not follow the methodology for making custody decisions set out in ORS 107.137").

Parenting time determination in judgment of dissolution vacated and remanded; otherwise affirmed.