***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted August 16, vacated and remanded October 11, 2023

Jonathan Paul DICK,
*Petitioner-Respondent,*

*v.*

Michelle Xiangjin YAN,
*Respondent-Appellant.*

Multnomah County Circuit Court
20DR12897; A178312

Amy Holmes Hehn, Judge.

Andrew W. Newsom argued the cause and filed the brief for appellant.

Brenna Tanzosh argued the cause for respondent. Also on the brief was Tanzosh Family Law LLC.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Vacated and remanded.

**EGAN, J.**

Mother appeals a judgment awarding custody of the child, M, to father. Mother appeals the custody determination but does not appeal the trial court's decision on parenting time. In her first assignment of error, she contends that the trial court erred when it failed to determine which parent was the primary caregiver for the purposes of ORS 107.137(1)(e). In her second assignment of error, she contends that, on this record, she should have been designated as the primary caregiver and given the benefit of the statutory preference in the court's custody determination. In her third assignment of error, she contends that the trial court abused its discretion when it considered mother's viewpoints on breastfeeding and attachment theory under the "willingness and ability to facilitate" factor of ORS 107.137(1)(f). As we agree with mother on her first two assignments of error, we vacate and remand for the trial court to reconsider its custody determination under the correct legal standard, which requires giving mother the primary-caregiver preference under ORS 107.137(1)(e).

We review custody determinations for abuse of discretion. *Nice v. Townley*, 248 Or App 616, 623, 274 P3d 227 (2012). "[W]hether the trial court applied the correct legal standard in making the challenged [discretionary] determination presents a question of law that we review for legal error. * * * [I]f we determine that the trial court applied the correct legal standard, we review the court's [discretionary] determination for abuse of discretion." *Stancliff and Stancliff*, 320 Or App 369, 371, 513 P3d 20 (2022).

In this case, the trial court explicitly stated that both parents were the child's primary caregiver when outlining its consideration of the factors enumerated in ORS 107.137(1) for the custody determination and further stated that the factors "weigh equally with regard to the parents" but that ORS 107.137(1)(f) gave father an advantage, as mother appears to "consider herself the superior parent" and "does not respect" father's role which will, in the court's view, lead mother to diminish father's role or take actions that do not promote father's role. In so finding, the trial court awarded father custody, and both parents equal parenting time.

As an initial matter, father argues that mother failed to preserve her arguments regarding the primary caregiver determination, as mother failed to specifically object to the trial court's determination that both parents were the primary caregiver. We disagree and conclude that mother's argument is preserved, as she did argue throughout the trial that she was the primary caregiver. *Dickson and Swartz*, 313 Or App 616, 617-18, 494 P3d 377 (2021) (determining primary caregiver determination issue was preserved despite failure to specifically object after trial court's ruling on the issue).

As to the merits, we agree with mother that the trial court erred by misapplying ORS 107.137 when it designated both parents as the primary caregiver and therefore failing to afford the primary caregiver the benefit of the statutory preference when making its custody determination. *Henretty v. Lewis*, 319 Or App 345, 348, 509 P3d 701 (2022) ("Not designating a primary caregiver—or designating both parents as the primary caregiver, which has the same effect—is inconsistent with the statutory preference created by the legislature.") "Accordingly, the trial court misapplied [ORS 107.137] when it failed to identify [M's] primary caregiver and, relatedly, failed to give that party the statutory preference required by ORS 107.137(1)(e)," which was error. *Id*.

As to mother's contention that she should have been designated as the primary caregiver based upon this record, we agree, and thus find that the trial court abused its discretion when it failed to give mother the statutory preference required by ORS 107.137(1)(e).

> "The primary caregiver is the party who has provided more care for the child and with whom the child has lived a majority of his or her recent life, which may be determined by considering which party has nurtured the child and has taken care of the child's basic needs, for example by feeding the child, nursing the child when he or she is sick, scheduling daycare and doctor's appointments, and spending time disciplining, counseling, and interacting with the child."

*Henretty*, 319 Or App at 350 (internal quotation marks and citation omitted). The evidence in this case compels the

finding that mother is the children's primary caregiver as that term has been defined in our case law. *See Dickson*, 313 Or App at 617 ("Much as was the case in *Wanting and Wanting*, 306 Or App 480, 475 P3d 127 (2020), and *Nice v. Townley*, 248 Or App 616, 274 P3d 227 (2012), the evidence compels the finding that mother is the children's primary caregiver as that term has been defined in our case law."); *Henretty*, 319 Or App at 350 ("There are many different ways that parents contribute to their children's well-being, including financially, all of which come within the umbrella of 'parenting.' For custody purposes, however, ORS 107.137 requires giving a preference to the child's primary *caregiver*." (Emphasis in original.)).

Additionally, the trial court's failure to account for mother's statutory preference under ORS 107.137(1)(e) could have affected its ultimate custody decision as "the identity of the primary caregiver is a significant consideration in deciding custody, even though it is only one of several relevant considerations and is not itself dispositive." *Henretty*, 319 Or App at 350 ("The trial court recognized this as a close case regarding custody, and its failure to account for the statutory preference to mother as the primary caregiver could have affected the ultimate custody decision.").

Lastly, as to mother's argument that the trial court abused its discretion when it considered mother's viewpoints on breastfeeding and attachment theory under the "willingness and ability to facilitate" factor of ORS 107.137(1)(f), we decline to reach that assignment, because the record could develop differently on remand.

In conclusion, we vacate and remand for the trial court to reconsider its custody determination under the correct legal standard, which requires giving mother the primary-caregiver preference under ORS 107.137(1)(e).

Vacated and remanded.